UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-02413-RGK-SP | Date | January 24, 2017 |
|---|---|---|---|
| Title | *Patrick E. Runyon et al v. Bostik, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Charles A. Rojas | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Motion to Remand (DE 20)

Presently before the Court is Plaintiffs' Motion to Remand, filed on December 23, 2016. Plaintiffs argue that the case should be remanded for lack of subject matter jurisdiction because an identical case that Plaintiffs had previously filed in the Southern District of California was remanded.

Contrary to Plaintiffs' characterization, however, the prior action was not remanded because the court determined it lacked subject matter jurisdiction. Rather, the court remanded the case because Plaintiffs had failed to comply with Fed. R. Civ. P. 8(a)(1)'s requirement that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction." This is an important distinction.

Here, Defendant's Notice of Removal includes such a statement. After reviewing the facts, the Court finds that it has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d), because at least one named plaintiff is a citizen of a state different than at least one Defendant, the amount in controversy exceeds $5,000,000, and the number of putative class members is greater than 100.

Plaintiffs alternatively argue that the case should be remanded based on issue preclusion, notwithstanding the Court's finding that it has subject matter jurisdiction in the instant case. But issue preclusion would thus constitute a procedural defect in the case's removal, and courts have no authority to remand a case on the basis of a procedural defect in removal if the defect was raised for the first time more than 30 days after the notice of removal was filed. See *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). Here, Plaintiffs filed the instant Motion more than 30 days after it was removed.

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Initials of Preparer