# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK E. RUNYON (AS TRUSTEE OF THE PATRICK E. RUNYON AND TERRI E. RUNYON REVOCABLE TRUST DATED AUGUST 7, 2015), JOSEPH S. SHUSTER AND GEORGANNE L. SHUSTER, AND EVERARDO VIDRIO AND ZEFERINA VIDRIO, individually and on behalf of all those similarly situated, | CASE NO. 5:16-cv-2413 RGK (SPx) <br><br> [Hon. R. Gary Klausner] <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiffs,

vs.

BOSTIK, INC., a Delaware Corporation; DAVID C. GREENBAUM CO., INC., a California Corporation; LEONARD'S CARPET SERVICE, INC., a California Corporation, and DOES 1 through 100, inclusive,

Defendants.

# 1. BACKGROUND

## A. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. Good Cause Statement

This action will result in the production of information that a Party asserts involves trade secrets; confidential research, development, or commercial information; and other information that has demonstrable or non-speculative present or future economic value that a Party may desire to protect from public disclosure and from use for any purpose other than its use in this Action (as defined herein) because the disclosure of these materials and information is reasonably likely to result in competitive, financial, or other harm to the Designating Party. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, other confidential research, development, or commercial information (including without limitation information implicating privacy rights of third parties), and information that is a trade secret or has demonstrable or non-speculative economic value and is otherwise unavailable to

the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Such trade secrets, confidential research, development, or commercial information, confidential and proprietary materials and information, or information that has demonstrable or non-speculative economic value or is shielded from disclosure by a legally recognized privilege or protection could be contained in documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, transcripts of deposition testimony, data, summaries, compilations, copies, abstracts, and any other format produced in the Action and designated as Confidential, as provided herein, as well as any of the foregoing that reproduces or captures such information or is otherwise derived from such information.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the use of information designated as Confidential in this Action, to adequately protect information of a Party that is a trade secret, is confidential research, development, or commercial information, which has demonstrable or non-speculative economic value, or to which a legally recognized privilege or protection applies, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. No Party shall designate information as Confidential (as defined herein) for tactical reasons or without a good-faith belief that it is a trade secret, is confidential research, development, or commercial information, which has demonstrable or non-speculative present or future economic value, or is subject to a recognized privilege or protection, and that there is good cause why such information should not be part of the public record of this case.

## 2.  **DEFINITIONS**

2.1   Action:  *Patrick E. Runyon, et al. v. Bostik, Inc., et al.*, Case No. 5:16-cv-2413-RGK (SPx).

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that are a trade secret, are confidential research, development, or commercial information, that have demonstrable or non-speculative present or future economic value, are subject to a recognized privilege or protection, or qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. "CONFIDENTIAL" Information or Items includes Disclosure or Discovery Material that is designated as "CONFIDENTIAL – COUNSEL'S EYES ONLY," which is subject to heightened protection as set forth below.  Except for Section 7.2, below, all references herein to information designated as "CONFIDENTIAL" shall include information designated as "CONFIDENTIAL – COUNSEL'S EYES ONLY."

2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of, a Party or a competitor of a Party.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees.

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (including but not limited to, photocopying, videotaping, translating, preparing exhibits or demonstrative material, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.     DURATION**

Once this Action proceeds to trial, all of the information that was designated as Confidential and maintained pursuant to this protective order and that is used as an exhibit at trial or is ordered by the trial judge to be non-confidential shall become public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial unless the trial court so orders.

Notwithstanding the foregoing, even after Final Disposition of this Action, the confidentiality and other obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, and the obligations herein shall apply (i) in the event the trial court orders this protective order to continue beyond commencement of the trial or some other protective order to apply to the Disclosure or Discovery Material at issue; (ii) for any Disclosure or Discovery Material not used as an exhibit or otherwise in trial; and (iii) in the event this Action does not proceed to trial. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that constitutes "'CONFIDENTIAL' Information or Items" (as defined in Section 2.3, above). The Designating Party must designate for protection only those parts of material, documents, writings, items, deposition testimony, deposition transcripts, or oral or written communications that qualify so that other portions of the material, documents, writings, items, deposition testimony, deposition transcripts, or oral or written communications for which protection is not warranted are not included into Protected Material.

      Any Party may use the "CONFIDENTIAL" designation only if in the good faith belief of such Party and its Counsel, such information or items are a trade secret, are confidential research, development, or commercial information, that have present or future economic value, are subject to a recognized privilege or protection, or qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G) and the Designating Party has a good faith and earnest basis that the unrestricted disclosure of such information or items could be prejudicial to the business or operations of such Party.

      A Party may use the "CONFIDENTIAL – FOR COUNSEL'S EYES ONLY" designation only if it and its Counsel have a good faith and earnest basis that in the exercise of reasonable business judgment such information or items are among that considered to be most sensitive by the Party.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are clearly shown to not satisfy the standard stated herein for Protected Material or that have been made for an improper purpose (e.g., to unnecessarily encumber the

case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated as Protected Material do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below, and Section 5.3, below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original information (regardless of how it is generated, stored, or maintained), tangible things, or documents available for inspection in advance of producing them need not designate them as "CONFIDENTIAL" until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the material it wants duplicated and produced, the Producing Party must determine which documents, or

portions thereof, qualify for protection under this Order. Then, before producing the specified material, the Producing Party must affix the "CONFIDENTIAL legend" to each hardcopy page that contains Protected Material. If only a portion or portions of the information on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify generally the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony. The Designating Party shall endeavor, in good faith, to identify on the record either between questions and answers, or immediately after answer testimony is given the questions and testimony it designates as CONFIDENTIAL, but may have until fourteen (14) days after receipt of the deposition transcript to inform the other Parties to the Action of the specific portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL'S EYES ONLY." In the interim, the entire deposition transcript shall be deemed "CONFIDENTIAL." The Designating Party and the Producing Party will each have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL" Information or Items is to be disclosed, any person, other than the deponent and the persons agreed upon as set forth in Section 7, below.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.

No party will be responsible for disclosure of "CONFIDENTIAL" Information or Items under this Order if the "CONFIDENTIAL" Information or Items in question is not labeled or otherwise designated in accordance with this Order if the Producing Party or Designating Party notifies all other Parties to the Action their designation of information as "CONFIDENTIAL" within 75 days of the Receiving Party's initial receipt of the information or material.

If corrected within 75 days of its production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3    Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 7. __ACCESS TO AND USE OF PROTECTED MATERIAL__

7.1 __Basic Principles__. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for purposes of this Action (e.g., for prosecuting, defending, or attempting to settle this Action). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the Final Disposition of the Action, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

All Protected Material must not be disclosed by the Receiving Party to anyone other than those persons permitted access pursuant to this Order and must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than this Action, unless and until such designation is removed either by written agreement of the Parties or by order of the Court.

All Protected Material must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for this Action, unless and until such designation is removed either by written agreement of the Parties or by order of the Court. Counsel for each Party, and each person receiving Protected Material must take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Protected Material.

For the avoidance of doubt, a Receiving Party may use Protected Materials solely in this Action and as provided herein, or as ordered by this Court, or as agreed to in a writing between the Designating Party and Receiving Party before trial, and during or after trial as determined and ordered by the trial judge before whom this Action is tried; the Receiving Party May not use Protected Materials in any other case, proceeding, or action, even if related to, connected to, or concerning the same

subject matter as this Action, unless and until (a) this Court issues a separate order expressly allowing such use, or (b) the Designating Party and the Receiving Party otherwise agree in writing.

The Designating Party and a Receiving Party may agree to the use and handling of Protected Material differently than provided in this order, and if such written agreement is made between Parties it shall supersede this Stipulation and Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "CONFIDENTIAL" may be viewed and used only by Outside Counsel of Record of the Receiving Party (as well as employees of Outside Counsel of Record of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action) and by the Court and its personnel. The additional individuals listed below may also view and use Protected Material designated as "CONFIDENTIAL" provided each such individual has read this Order in advance of disclosure, and has executed a copy of the form attached hereto as Exhibit A in advance of access:

(a) the named plaintiffs in this Action;

(b) the executives, officers, directors, and employees (including House Counsel) of any defendants or cross-defendants in this Action to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) court reporters and their staff (these individuals do not need to execute a copy of Exhibit A);

(e) Professional Vendors (as defined in this Order) whom Counsel for the parties hire, or consult, in the discretion of such Counsel, for the purpose of Counsel's preparation for trial in this Action;

(f)     professional jury or trial consultants to whom disclosure is reasonably necessary for this Action;

(g)     during depositions, deponents, court reporters, videographers, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness and all of the foregoing individuals sign the form attached as Exhibit A hereto; (2) the deposing party does not allow any such individual who has not signed the form attached as Exhibit A hereto to view or use Protected Information; and (3) no such individuals will be permitted to keep any confidential information unless they sign the form attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     <u>Further Restricted Access to Protected Material Designated as "CONFIDENTIAL – FOR COUNSEL'S EYES ONLY"</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" may be viewed and used only by Outside Counsel of Record of the Receiving Party (as well as employees of Outside Counsel of Record of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action) and by the Court and its personnel.  The additional individuals listed below may also view and use Protected Material designated as "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" provided each such individual has read this Order in advance of disclosure, and has executed a copy of the form attached hereto as Exhibit A in advance of access:

(a)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is, in good faith, deemed reasonably necessary for the evaluation and defense or prosecution of this Action;

(b)     court reporters and their staff (these individuals do not need to execute a copy of Exhibit A);

(c)     Professional Vendors (as defined in this Order) whom Counsel for the parties hire, or consult, in the discretion of such Counsel, for the purpose of Counsel's preparation for trial in this Action;

(d)     professional jury or trial consultants to whom disclosure is reasonably necessary for this Action;

(e)     during depositions, deponents, court reporters, videographers, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness and all of the foregoing individuals sign the form attached as Exhibit A hereto; (2) the deposing party does not allow any such individual who has not signed the form attached as Exhibit A hereto to view or use Protected Information; and (3) no such individuals will be permitted to keep any confidential information unless they sign the form attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court; and

(f)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     Other.  With respect to all Protected Material, any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document (including those individuals carbon copied or blind copied), may be shown the same, without the requirement that they be an individual identified in this Section 7, or be required to execute a copy of the form attached hereto as Exhibit A in advance of access.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission in writing. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A. The foregoing shall not limit, and shall be without prejudice to, any rights and remedies of the Disclosing Party or other parties.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production or disclosure of attorney-client privileged, attorney work product, or other protected Items ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity by the Producing Party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure.

If a Producing Party gives notice to Receiving Parties that Privileged Material has been produced, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

If any Party becomes aware of the production or disclosure of Privileged Material by any other Party, that Party shall provide notice of such production or disclosure within eight (8) business days to the Producing Party and any Receiving Party. Upon receiving a request to return specific information or documents, the Receiving Party shall return the Privileged Material to the party claiming the privilege or protection, unless the Receiving Party contests the claim of privilege or protection, in which case the Receiving Party must - within eight (8) business days of receipt of the notice of disclosure - move the court to compel disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

## 12. __MISCELLANEOUS__

12.1　__Right to Further Relief__.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2　__Right to Assert Other Objections__.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  Nothing within this Order will prejudice the right of any Party to object to the production of any discovery on the grounds that such information or item is protected as privileged or as attorney work product, or subject to any other applicable privilege.  This Order will be without prejudice to the right of any Party to oppose production of any information or item for lack of relevance or any other ground other than the mere presence of "CONFIDENTIAL" Information.  The existence of this Order must not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

12.3　__Right to Advise Client__.  Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY," provided that the contents of the Protected Material must not be disclosed to those not authorized by this Order.  The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Protected Material with anyone if that person already has legitimate possession of that information.

12.4　__Filing Protected Material__.  Before any Protected Material, such as materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents that are designated "CONFIDENTIAL," is filed with the Court for any purpose, the Party seeking to

file such Protected Material must seek permission of the Court to file the Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

After the Final Disposition of this Action, as defined in Section 4, above, and within 90 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). This Protective Order may be enforced by this court, even after Final Disposition, or any court of competent jurisdiction.

**14.** <u>**VIOLATION**</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary and other sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 23, 2017         **SCHEIDEMANTLE LAW GROUP P.C.**
                             DAVID R. SCHEIDEMANTLE
                             JOSHUA J. POLLACK


                             By: */s/ Joshua J. Pollack*
                                 JOSHUA J. POLLACK

                             Attorneys for Defendant Bostik, Inc.
                             jpollack@ScheidemantleLawGroup.com


I, Joshua J. Pollack, am the CM/ECF user whose login and password are being used to file this Stipulated Protective Order. In compliance with Local Rule 5-4.3.4(a)(2)(i) of the United States District Court for the Central District of California, I hereby attest that all other signatories below, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: June 23, 2017         By:    */s/ Joshua J. Pollack*
                                    JOSHUA J. POLLACK

| | |
|---|---|
| 1 | DATED: June 23, 2017 |
| 2 | |

**EPPSTEINER LAW, APC**
STUART M. EPPSTEINER

By:  */s/ Stuart M. Eppsteiner*
     STUART M. EPPSTEINER
     EPPSTEINER LAW, APC
     5519 CLAIREMONT MESA BLVD.
     SUITE 5129
     SAN DIEGO, CALIFORNIA 92117
     TEL:  858-350-1500
     FAX:  858-598-5599
     sme@eppsteiner.com

     Attorneys for Plaintiffs and the Putative
     Class

DATED: June 23, 2017

**THE NAUMANN LAW FIRM, P.C.**
WILLIAM H. NAUMANN

By:  */s/ William H. Naumann*
     WILLIAM H. NAUMANN
     THE NAUMANN LAW FIRM, PC
     10200 WILLOW CREEK ROAD,
     SUITE 150
     SAN DIEGO, CALIFORNIA 92131
     TEL:   858.792.7474; FAX:  858.564.9380
     william@naumannlegal.com

     Attorneys for Plaintiffs and the Putative
     Class

1    DATED: June 23, 2017        **JCL LAW FIRM, A.P.C.**
2                                             JEAN-CLAUDE LAPUYADE

3

4                                     By:   */s/ Jean-Claude Lapuyade*
5                                            JEAN-CLAUDE LAPUYADE
6                                            JCL LAW FIRM, A.P.C.
7                                            10200 WILLOW CREEK ROAD,
                                           SUITE 150
8                                            SAN DIEGO, CALIFORNIA 92131
                                           TEL: 619.599.8292; FAX: 619.599.8291
9                                            jlapuyade@jcl-lawfirm.com
10

11                                            Attorneys for Plaintiffs and the Putative
                                           Class
12

13    DATED: June 23, 2017        **LAW OFFICES OF LAWRENCE W. BUREK**
14                                            LAWRENCE W. BUREK

15

16

17                                     By:   */s/ Lawrence W. Burek*
18                                            LAWRENCE W. BUREK

19                                            Attorneys for Defendant Leonard's Carpet
20                                            Service, Inc.
                                           lburek@lsblawyers.com
21

22

23

24

25

26

27

28

DATED: June 23, 2017                    **KING PARRET & DROSTE LLP**
                                        ALAN J. DROSTE


                                        By: */s/ Alan J. Droste*
                                            ALAN J. DROSTE

                                        Attorneys for Defendant Leonard's Carpet
                                        Service, Inc.
                                        adroste@kpdlex.com


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: June 29, 2017




Hon. Sheri Pym
United States Magistrate Judge

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Patrick E. Runyon, et al. v. Bostik, Inc., et al.*, Case No. 5:16-cv-2413-RGK (SPx). I am employed as _____ by _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order:

Full Name: _____

Full Address and Telephone No.:_____
_____

Date: _____

City and State where sworn and signed: _____

Signature: _____